UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JON R. LEONARD, JR., et al.,

    Plaintiffs,

v.

NINTENDO OF AMERICA INC.,

    Defendant.

CASE NO. C06-1743RAJ

ORDER

This matter comes before the court on Plaintiffs' motion (Dkt. # 87) for relief from the deadline for responding to pending motions. For the reasons stated herein, the court GRANTS the motion, RENOTES various motions as stated at the conclusion of this order. The court VACATES the trial date and all case deadlines other than deadlines for responding to pending motions.

This putative class action has been pending since December 2006. No class has been certified, because Plaintiffs' counsel ignored the court's local rules regarding the timing of class certification motions. The court chronicled Plaintiffs' counsel's inexcusable delay in a May 6, 2008 order (Dkt. # 61). The court noted that the delay

ORDER – 1

would "almost certainly necessitate a lengthy continuance of the trial in this action." The court did not vacate the trial date or any other scheduling date at that time, knowing that the parties' eventual agreement on a class certification briefing schedule would have a major impact on other pretrial dates.

In compliance with the court's order, counsel met and conferred and agreed upon a briefing schedule for a class certification motion under which the motion would become ripe on August 4, 2008. The court entered the parties' stipulated briefing schedule as its order on May 21 (Dkt. # 63). The parties did not mention the trial date and other pretrial dates in their stipulation. The court hoped that the stipulated briefing schedule marked a renewal of reasonable cooperation between counsel in this case. The court's hope was misplaced.

Under the current case schedule, dispositive motions were due no later than June 25, in advance of a September 23 trial date. Rather than consider the court's lament that Plaintiffs' counsel's delay would almost certainly necessitate a delay in trial, the parties apparently did not discuss the trial schedule.[1] On June 25, Defendant filed six summary judgment motions and a motion in limine, totaling more than 100 pages. In accordance with the scheduling order, counsel noted the summary judgment motions for July 18. Defendant's counsel did not discuss the summary judgment motions with Plaintiffs' counsel before filing them.

---

[1] Although there is no indication that counsel discussed the trial schedule, there was no reasonable basis to believe that trial would occur on September 23, as scheduled. Under the parties' stipulated class certification schedule, the class certification motion would not become ripe until August 4. Experienced counsel in this case surely did not believe that the court would resolve that motion and the parties would take the necessary steps to prepare this action for trial (including possible notification of more than a million class members) all before September 23.

ORDER – 2

Contrary to Plaintiffs' contentions, Defendant's counsel did not violate an order of this court or the court's local rules. Instead, Defendant's counsel achieved a dubious accomplishment: literally complying with all court orders and rules while wholly frustrating their intent. *See* Local Rules W.D. Wash. Introduction (expressing intent of local rules to permit counsel to work "creatively and cooperatively to manage civil cases on a cost-effective basis"). No court rule or order required Defendant's counsel to meet and confer before filing a summary judgment motion. It is good practice to do so, and, in the court's view, professional courtesy demands it. Had counsel met and conferred, they might have been able to agree upon a satisfactory briefing schedule and perhaps a satisfactory schedule for trial. But they did not. Similarly, no court order or rule prevents Defendant from filing six summary judgment motions. The local rules impose a 24-page limit on summary judgment motions, but no limit on the number of motions that a party may file. *See* Local Rules W.D. Wash. CR 7(e). As Plaintiffs' counsel notes, a party acting in bad faith could file numerous lengthy motions to create unreasonable burdens on both the opposing party and the court. The court retains discretion, however, to address such gamesmanship. The best means of ensuring that it is not necessary for the court to do so is for counsel to act professionally, meet and confer before filing dispositive motions, and agree upon reasonable limits on the length of such motions, and seek intervention of the court if necessary. Alternatively, counsel can conduct themselves as Defendant's counsel have, file more than a hundred pages of motions without discussing the issue with opposing counsel, and then refusing to agree upon a reasonable means of responding to such motions.

Class actions impose extraordinary burdens on the parties and the court, even under the best of circumstances. To date, the parties' conduct only exacerbates those

ORDER – 3

burdens, to no one's benefit. The court expects better from the parties and especially from their counsel.

The court orders as follows:

The court GRANTS Plaintiffs' motion (Dkt. # 87) for relief from the briefing schedule.

All other pending motions (Dkt. ## 68, 69, 73, 77, 79, 81, 83, 85) in this action, including the class certification motion, are RENOTED for August 15, 2008. The parties' responsive briefs (to the extent they have not already been filed) will be due in accordance with the local rules. There is no merit to Plaintiffs' suggestion that the court delay dispositive motions until after class certification, and the court declines to do so. Further, although the court's review of the six pending summary judgment motions suggests that Defendant's counsel could have done more to reduce the length and number of the motions without sacrificing advocacy, it does not appear that counsel acted in bad faith.

The court VACATES the trial date and related pretrial dates. The court will impose a new trial and pretrial schedule in conjunction with its resolution of the pending motions.

Dated this 11th day of July, 2008.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4